The mother appeals from a Juvenile Court decree terminating her parental rights to her son, Bill. She challenges the Juvenile Court's jurisdiction to enter a permanent order concerning the child's welfare because the child had not resided within the Commonwealth for at least six months prior to commencement of the proceedings. The mother also takes exception with the judge's failure to order posttermination visitation but, with the exception of the jurisdictional challenge previously noted, she does not challenge the judge's finding of unfitness or the termination of her parental rights. We conclude that the Juvenile Court lacked jurisdiction over the child and the judge failed to take the necessary steps under G. L. c. 209B, § 2 (a ), to secure jurisdiction prior to entry of the decree, which is a permanent order. We accordingly vacate the decree and remand the case for further proceedings.
Discussion. "A Massachusetts court's exercise of jurisdiction over custody determinations must be based solely on" one of the four bases provided by G. L. c. 209B, § 2 (a ). MacDougall v. Acres, 427 Mass. 363, 366 (1998). Here, the trial judge made no jurisdictional findings pursuant to G. L. c. 209B, § 2 (a ) (3) or (4), and neither § 2 (a ) (1) or (2) favors Massachusetts in this case.
General Laws c. 209B, § 2 (a ) (1), confers jurisdiction to the courts in a child's "home state," which is defined as "the state in which the child immediately preceding the date of commencement of the custody proceeding resided with ... a parent, ... for at least 6 consecutive months." G. L. c. 209B, § 1.[3] The mother and the child lived in California from December, 2009, until mid-February, 2014, and the Department of Children and Families (DCF) commenced these proceedings on April 28, 2014, when the child had resided in Massachusetts for approximately two months.[4] Accordingly, California is the child's home state under § 2 (a ) (1), with jurisdiction over the child. It follows that § 2 (a ) (2) does not confer jurisdiction over the child on Massachusetts, as it requires "that it appear[ ] that no other state would have jurisdiction under [ § 2 (a ) ] (1)," and it is clear that jurisdiction over the child under that provision lies with the State of California, where the mother and the child resided for over six months before traveling to Massachusetts.
That said, the trial judge could have attempted to obtain jurisdiction to enter permanent orders pursuant to G. L. c. 209B, § 2 (a ) (3), after the assertion of temporary emergency jurisdiction,[5] by determining whether California "has declined to exercise jurisdiction, has stayed its proceedings or has otherwise deferred to the jurisdiction of a court of the commonwealth." The trial judge also could have attempted to obtain permanent jurisdiction under § 2 (a ) (4), which, as applicable to this case, requires that "(i) ... another state has declined to exercise jurisdiction on the ground that the commonwealth is the more appropriate forum to determine the custody of the child, and (ii) it is in the best interest of the child that a court of the commonwealth assume jurisdiction."
A State declines to exercise jurisdiction when a court of competent authority communicates that declination. See MacDougall, 427 Mass. at 369 & n.7 (Louisiana judge wrote to Probate and Family Court, refusing to decline jurisdiction under G. L. c. 209B, § 2 [a ] [4] ). There is no evidence of any such communication here. Nevertheless, DCF asserts California met the statutory criteria of declination when its child welfare agency declined to take action on two requests from DCF to place the child with the mother in California pursuant to the Interstate Compact on the Placement of Children. We are not persuaded. DCF has not identified any statutory or precedential authority, nor are we aware of any, which confers to the child welfare agency of a State the authority to decline jurisdiction for the courts of that State. That authority rests solely with a State court of competent jurisdiction. See MacDougall, 427 Mass. at 369 & n.7. Because there is no evidence in this case, either by way of a letter or other form of communication, that a court in the State of California has either declined jurisdiction or affirmatively conferred jurisdiction on Massachusetts, the judge here lacked jurisdiction to enter any permanent orders pertaining to the child. Accordingly, we vacate the decree. See I.S.H. v. M.D.B., 83 Mass. App. Ct. 553, 557 (2013) (judgment issued by court lacking jurisdiction must be vacated).
Our inquiry, however, does not end here. Because we have no reason to believe that the State of California is prohibited from assenting to jurisdiction nunc pro tunc, we retain jurisdiction over this matter until the state of California has spoken. See In re M.M., 240 Cal. App. 4th 703, 709 (2015) (California court had emergency jurisdiction over child under Cal. Fam. Code § 3421 and made finding nunc pro tunc to time child was detained by State authorities). California Family Code § 3443(b) states that "[a] court of this state may utilize any remedy available under other laws of this state to enforce a child custody determination made by a court of another state." "The power to enter judgments nunc pro tunc is inherent in the courts" of California. Marriage of Mallory, 55 Cal. App. 4th 1165, 1177 (1997), quoting Norton v. Pomona, 5 Cal. 2d 54, 62 (1935). Accordingly, we remand this case to the trial judge to determine within thirty days, and report back to this court, whether a court of competent jurisdiction in California declines or asserts jurisdiction in this case. We do not dictate how the trial judge should do this, but we note that § 110 of the Uniform Child Custody Jurisdiction and Enforcement Act, the successor to the Uniform Child Custody Jurisdiction Act, pertains to this type of communication between courts. See Cal. Fam. Code § 3410 ( § 110 of uniform act, as enacted in California). We further note that, if the judge wishes to obtain jurisdiction pursuant to G. L. c. 209B, § 2 (a ) (4), she must also determine whether "it is in the best interest of the child that a court of the commonwealth assume jurisdiction." Id.[6]
Conclusion. We vacate the decree entered on March 8, 2017, and remand the case for further proceedings consistent with this memorandum and order. This panel will retain jurisdiction of any appeal from any future decree in this matter.
So ordered.
vacated and remanded

California law mirrors this aspect of Massachusetts law. See Cal. Fam. Code §§ 3402, 3421.

The child's contention that the "commencement of the custody proceeding" is actually April 13, 2015, when DCF filed a permanency plan for adoption, is unavailing. A "custody proceeding" is any proceeding "in which a custody determination is one of several issues presented for resolution, such as an action for ... care and protection." G. L. c. 209B, § 1. This has been a care and protection action since its commencement; the change in DCF's plan for the child to a permanency plan of adoption does not alter the underlying nature of the case.

A judge of the Juvenile Court properly asserted temporary emergency jurisdiction pursuant to G. L. c. 209B, § 2 (a ) (3), which confers jurisdiction to enter temporary orders when "the child is physically present in the commonwealth" and the orders are required due to "an emergency to protect the child from abuse or neglect." The mother properly does not challenge the exercise of temporary emergency jurisdiction over the child.

Unless and until Massachusetts attains jurisdiction to enter permanent orders, we decline to address the judge's refusal to order posttermination visitation.